In the Supreme Court of Georgia

Decided: August 10, 2021

S20G1419. ALSTON & BIRD, LLP v. HATCHER MANAGEMENT
HOLDINGS, LLC

PETERSON, Justice.

We interpret statutory text in the light of the text's broader context, both within and without the statute. But we consider that context only for the light that it sheds on the meaning of the relevant text; it does not empower us to delete some words and insert others. And so when we interpret unambiguous statutory text that appears not to serve the purpose we imagine the statute to have, we must follow the path of the text, not the apparently different path of the "purpose."

And so it is here. The current version of the apportionment statute, OCGA § 51-12-33, was enacted as part of the Tort Reform Act of 2005. See Ga. L. 2005, p. 1, § 12; see also *Clark v. Rush*, 312 Ga. App. 333, 333 (718 SE2d 555) (2011). Subsection (a) of the

apportionment statute provides that "[w]here an action is brought against one or more persons for injury to person or property," the total amount of damages otherwise awarded to the plaintiff shall be reduced in proportion to the plaintiff's fault. Subsection (b), at first glance, appears to serve a similar function as to the fault of others: it requires damages to be apportioned "among the persons who are liable according to the percentages of fault of each person." But subsection (b) has a critical textual difference from subsection (a): although subsection (a) applies "[w]here an action is brought against one or more persons," subsection (b) applies only "[w]here an action is brought against more than one person . . . ."

Although we previously have decided at least one case in which the provisions of subsection (b) were applied in single-defendant cases, we have expressly left open the question of whether such an application was proper. See *Zaldivar v. Prickett*, 297 Ga. 589, 593 (1) n.3 (774 SE2d 688) (2015) (in a single-defendant case, noting on certiorari that plaintiff did not dispute the statute's application, and "[t]o the extent that [plaintiff] may have argued below that the

2

statute simply does not apply in this case, we express no opinion about the merit of that argument, and we leave any such argument to be addressed on remand"). In this case, the Court of Appeals answered that open question by determining that the apportionment by percentage of fault directed by subsection (b) does not apply in single-defendant cases.

We granted certiorari on the question of whether subsection (b) applies in single-defendant cases and also on the question of whether an expenses-of-litigation award under OCGA § 13-6-11 is subject to apportionment. Although we reverse the Court of Appeals on the latter question and hold that such expenses are not categorically excluded from apportionment, we conclude that the Court of Appeals was correct on the scope of application of the apportionment directed by subsection (b): it applies only in cases "brought against more than one person," not in single-defendant lawsuits like this one. Thus, we affirm in part, reverse in part, and remand for further proceedings regarding the trial court's apportionment of the expenses-of-litigation award.

3

1. *Background.*

The basic facts in this case are summarized accurately by the Court of Appeals in *Alston & Bird LLP v. Hatcher Management Holdings, LLC*, 355 Ga. App. 525 (843 SE2d 613) (2020) ("*Hatcher II*"). Maury Hatcher hired Alston & Bird LLP ("A&B") and one of its partners, Jack Sawyer, to form and represent Hatcher Management Holdings, LLC ("HMH"), a holding company for the assets of the Hatcher family. See id. at 526. Maury was the initial manager of HMH and, while serving as manager, embezzled substantial amounts of company funds. See id. at 527. HMH sued Maury in 2009 and in 2013 won a judgment of over $4 million, but was unable to collect it. See id. at 528.

In May 2012, after a judge granted partial summary judgment to HMH in its case against Maury but before that case had been fully resolved, HMH sued A&B in a separate action for legal malpractice and breach of fiduciary duty relating to Sawyer's representation of HMH. HMH also sought expenses of litigation under OCGA § 13-6-11, arguing, in relevant part, that A&B acted in bad faith. A&B filed

4

a notice of nonparty fault pursuant to OCGA § 51-12-33 (d), seeking to apportion any damages among HMH and nonparty Maury, but the trial court granted HMH's motion to strike the notice. See *Alston & Bird LLP v. Hatcher Mgmt. Holdings, LLC*, 336 Ga. App. 527, 527 (785 SE2d 541) (2016) ("*Hatcher I*"). A&B applied for and was granted an interlocutory appeal, and the Court of Appeals reversed, citing *Zaldivar*, 297 Ga. at 604 (2), to conclude that the trier of fact could assign "fault" to a nonparty under OCGA § 51-12-33 (c) to the extent that A&B could prove that the nonparty committed a breach of legal duty that was a proximate cause of HMH's injuries. See *Hatcher I*, 336 Ga. App. at 530.

In 2018, a jury found A&B liable for both legal malpractice and breach of fiduciary duty and awarded to HMH $697,614 in compensatory damages, $341,831 in interest, and $1,096,561.48 in expenses of litigation under OCGA § 13-6-11, for a total award of $2,136,006.48. See *Hatcher II*, 355 Ga. App. at 529. The jury apportioned fault for A&B at 32%, HMH at 8%, and nonparty Maury at 60%. See id. The trial court then reduced the total damages award

by 68% in accordance with the amount of fault allocated to Maury and HMH, and ordered A&B to pay 32% of the total damages award, which amounted to $683,522.07. See id.

A&B appealed to the Court of Appeals, arguing that there was insufficient evidence on proximate cause and that the trial court erred in submitting the issue of prejudgment interest to the jury. HMH cross-appealed and argued that the trial court erred by reducing the compensatory damages award based on a nonparty's percentage of fault and also by apportioning the OCGA § 13-6-11 award based on the percentages of fault of the plaintiff and a nonparty.

The Court of Appeals agreed with A&B regarding the issue of prejudgment interest, but it affirmed the jury's verdict and agreed with HMH on both of its cross-claims. See *Hatcher II*, 355 Ga. App. at 526. As to HMH's first claim regarding apportionment of damages, the Court of Appeals held that subsection (a) was the applicable portion of the apportionment statute and not subsection (b), because subsection (b) applies only to suits brought against

6

"more than one person" and this case was brought against only A&B. See id. at 534-535 (3). The Court of Appeals concluded that, because subsection (a) requires a reduction of damages proportional to the percentage of a plaintiff's fault, the trial court should have reduced the compensatory damages award only by 8% (HMH's share of fault) rather than 68% (HMH and Maury's combined share of fault). Id. The court explained that its conclusion did not conflict with its holding in *Hatcher I* – that the trier of fact could assign "fault" to nonparties – because the issue in *Hatcher I* was the apportionment of "fault," not of "damages," and the determinations of "damages" and "fault" are distinct. See id. at 534 (3).

Relying on our opinion in *Federal Deposit Insurance Corporation v. Loudermilk*, 305 Ga. 558 (826 SE2d 116) (2019), the Court of Appeals also concluded that the trial court erred when it reduced the expenses of litigation award under OCGA § 13-6-11, because the award was based on bad faith, the apportionment statute is inapplicable where fault is indivisible, and fault in this case was indivisible because the jury's verdict did not indicate that

7

it allocated bad faith to anyone other than A&B. See *Hatcher II*, 355 Ga. App. at 535 (4). The court further held that an award under OCGA § 13-6-11 stands alone and apart from an award of compensatory damages. See id. (citing *Williams v. Harris*, 207 Ga. 576, 579 (3) (63 SE2d 386) (1951)).

We granted A&B's petition for a writ of certiorari and posed the following questions:

> (1) When an action involves a single defendant, does OCGA § 51-12-33 allow a reduction of damages against that defendant in accordance with the jury's allocation of fault to a nonparty?
>
> (2) Is an award for attorneys' fees and expenses of litigation under OCGA § 13-6-11 subject to apportionment under OCGA § 51-12-33?

2. *OCGA § 51-12-33 does not allow a reduction of damages against a defendant based on the jury's allocation of fault to a nonparty in a case brought against only one defendant.*

When determining the meaning of a statute, we start with the statutory text itself, because "[a] statute draws its meaning from its text." *City of Marietta v. Summerour*, 302 Ga. 645, 649 (2) (807 SE2d 324) (2017) (citation and punctuation omitted). In construing a

8

statute, "we must afford the statutory text its plain and ordinary meaning," view it "in the context in which it appears," and read it "in its most natural and reasonable way, as an ordinary speaker of the English language would." *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted). "[F]or context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." *Thornton v. State*, 310 Ga. 460, 462-463 (2) (851 SE2d 564) (2020) (citation and punctuation omitted).

Looking at the applicable subsections of the apportionment statute in relationship with the whole, the plain language of the text provides that damages assessed against a defendant may be reduced according to the percentages of fault allocated to all who contributed to the alleged injury or damages, including nonparties — but damages may be reduced according to nonparty fault only in cases brought against multiple defendants.

The apportionment statute has three provisions that govern reduction of damages. Subsection (a) describes what should be done when the plaintiff shares responsibility for the injury or damages:

> Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

OCGA § 51-12-33 (a). Subsection (g) further explains that "the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed." OCGA § 51-12-33 (g). And subsection (b) provides for situations where someone other than the plaintiff shares responsibility with a named defendant for the injury or damages:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as

10

provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

OCGA § 51-12-33 (b).

Two of these three provisions focus solely on the plaintiff's percentage of fault. Subsection (a) requires the trier of fact to reduce the plaintiff's damages award in proportion to the percentage of fault that the trier of fact allocated to the plaintiff. And subsection (g) eliminates the damages award entirely when the plaintiff's percentage of fault exceeds 50 percent. The parties agree that subsection (a) applies in this case, and neither party argues that subsection (g) applies.[1]

The issue here is whether the sole remaining provision regarding reduction of damages, subsection (b), applies to this case. Subsection (b) authorizes the trier of fact to "apportion its award of damages among the persons who are liable according to the

---

[1] At trial, the jury reduced damages by 8% under subsection (a) pursuant to the jury's allocation of fault to HMH, and that reduction has not been challenged.

11

percentage of fault of each person." We have already determined that "persons who are liable" includes only named defendants. See *Zaldivar*, 297 Ga. at 600 (1) n.7; OCGA § 51-12-33 (f) (1) ("Assessments of percentages of fault of nonparties shall be used only in the determination of the percentage of fault of named parties."). Therefore, subsection (b) permits the trier of fact to apportion the total damages award among multiple named defendants according to their respective percentages of fault.

Subsection (c) tells the trier of fact how to assess "percentages of fault" that are to be used under other subsections of the statute, but it does not itself authorize any apportionment of damages. Instead, subsection (c) directs a trier of fact apportioning damages to consider the fault of all who contributed to the injury or damages, including nonparties, in assessing the relative percentages of fault. See OCGA § 51-12-33 (c) ("In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to

12

the suit."). Subsection (d), then, explains the notification procedure required if a named defendant seeks the trier of fact's consideration of the fault of a nonparty under subsection (c) when assessing percentages of fault. But just as subsection (c) does not itself authorize apportionment of damages, subsection (d) itself does not authorize reduction of damages. See OCGA § 51-12-33 (d) (1) ("Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.").

Thus, we see that subsection (b) is the only provision in the statutory apportionment scheme that authorizes apportioning damages based on the fault of persons other than the plaintiff and a single defendant (i.e., additional defendants and nonparties). Where subsection (b) applies, the plain language and context of the apportionment statute, as well as our precedent interpreting it, indicate that the percentage of fault of a nonparty must be considered when apportioning damages to party defendants

13

(provided that proper notice is given pursuant to subsection (d)), and a given defendant is liable only for the damages corresponding to the percentage of fault allocated to that defendant. See OCGA § 51-12-33 (b)-(c); *Couch v. Red Roof Inns*, 291 Ga. 359, 362 (1) (729 SE2d 378) (2012) ("*Red Roof Inns*") (the apportionment statute "is designed to apportion damages among 'all persons or entities who contributed to the alleged injury or damages' — even persons who are not and could not be made parties to the lawsuit").

But subsection (b) does not apply in this case. By its plain language, the phrase at the outset of subsection (b) — "[w]here an action is brought against more than one person" — limits the application of subsection (b) to an action brought against at least two defendants. The only defendant in this case is A&B.

A&B argues that subsection (c) authorizes *reduction of damages* in this case according to the jury's assessment of nonparty fault, but subsection (c) itself provides only that the trier of fact must consider nonparty fault when *determining percentages of fault*. And the only situations in the apportionment statute where percentages

14

of fault are used to apportion damages are under subsection (a), which considers only plaintiff fault, and subsection (b), which applies only in cases with multiple defendants. There is no grant of authority in the apportionment statute to reduce damages according to the percentage of fault allocated to a nonparty in a case with only one named defendant.[2]

A&B cites *Zaldivar*, *Martin*, and *Red Roof Inns* to support its claim for reduction of its damages according to the jury's allocation of percentage of fault to Maury. But *Martin* and *Red Roof Inns* do not apply here because those cases involved more than one named defendant. See *Martin*, 301 Ga. at 324; *Red Roof Inns*, 291 Ga. at 359.[3] And although there was only one named defendant in

---

[2] Just because OCGA § 51-12-33 (b) does not apply to cases with a single defendant does not mean that a single defendant is without a remedy against its joint tortfeasors. Where apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury, and a tortfeasor may seek contribution from its joint tortfeasor(s). See OCGA § 51-12-32 (a) (right of contribution "shall continue unabated" except as provided in the apportionment statute); *Loudermilk*, 305 Ga. at 575 (2) (damages apportioned under OCGA § 51-12-33 (b) are not subject to any right of contribution, but where apportionment does not apply, the "apportionment statute did not render the contribution statute a nullity").

[3] Although our opinion in *Red Roof Inns* refers to a "defendant property

15

*Zaldivar*, that case expressly reserved the question before us today. See *Zaldivar*, 297 Ga. at 593 (1) n.3 (plaintiffs did not dispute the application of the apportionment statute on appeal, and we declined to express any opinion on the merit of any such argument the plaintiffs made below). Because none of the cases cited by A&B actually decided the issue before us today, they do not help A&B. See *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007) ("[D]ecisions of this Court do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion," and "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents" (punctuation omitted)).

Colorado's apportionment statute is similar to ours, so we have previously looked to it for guidance in interpreting our apportionment statute. See, e.g., *Atlanta Women's Specialists, LLC*

---

owner" in the singular, the record in the case reveals that the suit was brought against two entities (Red Roof Inns, Inc. and R Roof V LLC).

*v. Trabue*, 310 Ga. 331, 341 (3) (850 SE2d 748) (2020); *Zaldivar*, 297 Ga. at 598-599 (1). But on this point, the Colorado statute is textually different: indeed, it is broadly worded such that reduction of damages pursuant to allocation of fault to nonparties is permitted regardless of the number of defendants. See Colo. Rev. Stat. Ann. § 13-21-111.5 (1) ("In an action brought as a result of a death or an injury to person or property, *no defendant* shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss" except for defendants acting in concert, which shall be jointly liable (emphasis added)).[4] Apportionment statutes from other states contain similarly broad language. See, e.g., Fla. Stat. Ann. § 768.81 (3) ("In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault[.]"); *Birge v. Charron*, 107 S3d 350, 362 (Fla. 2012) (in case with only one

[4] Colorado's statute was amended earlier this year, but the amendments relate to vicarious liability and do not impact the analysis here. See 2021 Colo. Legislative Svc. Chapter 147 (HB 21-1188).

defendant, damages could be apportioned and reduced based on the comparative fault of all whose negligence contributed to the injury, "including properly pled and proven nonparties"); Ariz. Rev. Stat. Ann. § 12-2506 (A) ("[T]he trier of fact shall multiply the total amount of damages recoverable by the plaintiff by the percentage of each defendant's fault, and that amount is the maximum recoverable against the defendant."); *Rosner v. Denim & Diamonds, Inc.*, 937 P2d 353, 355-356 (Ariz. Ct. App. 1996) (affirming jury's consideration of nonparty fault in allocation of damages in single defendant case).

Finally, A&B and amici argue that allowing apportionment of damages according to the percentage of fault allocated to nonparties in multiple defendant cases but not in single defendant cases would be arbitrary and not reflective of the General Assembly's intent. But "[t]he best indicator of the General Assembly's intent is the statutory text it actually adopted." *Chase v. State*, 285 Ga. 693, 699 (2) (681 SE2d 116) (2009). If the General Assembly intended subsection (b) to apply to cases brought against a single defendant,

18

it could have and should have said so, especially when it specified that subsection (a) applied to single defendant cases. Compare OCGA § 51-12-33 (a) ("[w]here an action is brought against *one or more* persons for injury to person or property"), with § 51-12-33 (b) ("[w]here an action is brought against *more than one* person for injury to person or property") (emphasis supplied). The General Assembly chose to exclude single-defendant cases from the scope of subsection (b). And "we must presume that the General Assembly meant what it said and said what it meant." *Deal*, 294 Ga. at 172 (1) (a) (citation and punctuation omitted).

Applying subsection (b) to single-defendant cases may well advance some of the intentions behind the Tort Reform Act better than the statute as we interpret it today. But the "General Assembly does not enact a general intention; it enacts statutes. Statutes have words, and words have meanings. It is those meanings that we interpret and apply, not some amorphous general intention." *Malphurs v. State*, 336 Ga. App. 867, 870-871 (785 SE2d 414) (2016); see also *Wyeth v. Levine*, 555 U.S. 555, 601-602 (129 SCt 1187, 173

LE2d 51) (2009) (Thomas, J., concurring) ("Legislators may compromise on a statute that does not fully address a perceived mischief, accepting half a loaf to facilitate a law's enactment."); *Myers v. TooJay's Mgmt. Corp.*, 640 F3d 1278, 1286 (11th Cir. 2011) ("Judges and courts tempted to bend statutory text to better serve congressional purposes would do well to remember that [the legislature] enacts compromises as much as purposes.").

The General Assembly chose to exclude single-defendant cases from apportionment among non-parties. A&B does not argue that such a choice was beyond the legislative power the Georgia Constitution vests in the General Assembly. And the judicial power we exercise today does not permit us to make a different choice. We affirm the Court of Appeals's conclusion that apportionment under OCGA § 51-12-33 (b) does not apply to tort actions brought against a single defendant.

3. *An award for expenses of litigation under OCGA § 13-6-11 is subject to apportionment under OCGA § 51-12-33 because it constitutes "damages," and § 51-12-33 requires an apportionment of the "total damages."*

20

A&B argues that an award of litigation expenses under OCGA § 13-6-11 is subject to apportionment under OCGA § 51-12-33. We agree.

OCGA § 13-6-11 provides:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

"OCGA § 13-6-11 expressly makes its litigation expenses 'part of the damages' to be awarded by the jury[.]" *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 475 (2) (a) (759 SE2d 804) (2014) ("*Couch*"). It "does not create an independent cause of action" but rather "merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages." Id. at 474 (2) (a) (citation omitted). Therefore, authorization for an award under OCGA § 13-6-11 must be found in the "conduct arising from the transaction underlying the cause of action being litigated, not conduct during the course of the litigation

21

itself." *David G. Brown, P.E., Inc. v. Kent*, 274 Ga. 849, 850 (561 SE2d 89) (2002). Put another way, the element of bad faith, stubborn litigiousness, or unnecessary trouble "must relate to the acts in the transaction itself prior to the litigation, not to the motive with which a party proceeds in the litigation." Id.

Because the text of OCGA § 13-6-11 defines expenses of litigation awarded under that statute as "damages," such awards necessarily are part of the "total amount of damages to be awarded" and thus are subject to apportionment under OCGA § 51-12-33.[5] See OCGA §§ 51-12-33 (a) ("the trier of fact, in its determination of the *total amount of damages* to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault"), and (b) ("the trier of fact, in its

---

[5] Of course, not everything awarded to a prevailing plaintiff constitutes damages subject to apportionment. There are, for example, attorneys' fee awards that are not considered part of the total amount of damages. See *Couch*, 295 Ga. at 475 (2) (a) (contrasting awards under OCGA § 13-6-11 with awards under former OCGA § 9-11-68 (b), which "are not identified as 'damages'; they relate entirely to conduct during the course of the litigation; and they are determined post-judgment by the court rather than during trial by the jury." (citation and punctuation omitted)).

22

determination of the *total amount of damages* to be awarded, if any, shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person") (emphasis supplied). Damages awarded under OCGA § 13-6-11 may thus be apportioned as provided in the apportionment statute, unless the nature of such damages is such that apportionment is legally or factually impossible. Cf. *Loudermilk*, 305 Ga. at 575 (2) (damages are awarded under joint and several liability, rather than being apportioned, when fault is indivisible, "including in instances of concerted action"). In this case, because subsection (a) of the apportionment statute applies but not subsection (b), OCGA § 13-6-11 damages are to be reduced according to the jury's allocation of fault to HMH, but not according to the allocation of fault to nonparty Maury.

And it is on that point that our analysis diverges from that of the Court of Appeals. The Court of Appeals concluded that an award of expenses of litigation under OCGA § 13-6-11 is not part of an overall damages award because it "stands alone[,]" quoting

23

*Williams*, 207 Ga. at 579 (3), but the quoted portion of *Williams* simply states that the trier of fact must conduct a separate analysis under the applicable statute to determine whether the defendant acted in bad faith before awarding expenses of litigation, not that "damages" awarded under OCGA § 13-6-11 somehow are not a part of the "total amount of damages" awarded in a given case. See id. (expenses of litigation are not punitive or vindictive damages but "stand alone," are regulated by a separate statute, and may be permitted by a jury if the defendant acted in bad faith in the underlying transaction). Furthermore, even the old version of OCGA § 51-12-33 was not enacted until 1987, see Ga. L. 1987, pp. 915, 921, § 8, 36 years after *Williams* was decided, and thus *Williams* sheds little light on the meaning of the version of OCGA § 51-12-33 enacted in 2005.

HMH contends, as the Court of Appeals held, that because the jury's finding of bad faith was against only A&B, fault as to bad faith is indivisible on the part of the defendant, and the apportionment statute is inapplicable. See *Hatcher II*, 355 Ga. App. at 535 (4). This

24

argument rests on our holding in *Loudermilk*: "If fault is indivisible, then the trier of fact cannot carry out the statute's directive of awarding damages 'according to the percentage of fault of each person' and the apportionment statute does not govern how damages are awarded." 305 Ga. at 572 (2). But the claim at issue in *Loudermilk* involved multiple persons acting in concert to commit a tort, and in a concerted action, the act (and thus the fault) of one is imputed to every other person or entity involved in the joint enterprise. See id. The issue in *Loudermilk*, then, was not one of *factual* indivisibility of the claim but of *legal* indivisibility, because the nature of the claim was such that there was no means of dividing fault as a matter of *law*. See id. Whether fault is divisible as a matter of *fact*, by contrast, is for the trier of fact to determine so long as some evidence is presented that would allow a rational division. See *McReynolds v. Krebs*, 290 Ga. 850, 852-853 (1) (b) (725 SE2d 584) (2012).

Here, a claim for expenses of litigation under OCGA § 13-6-11 is not categorically indivisible as a matter of law. Neither stubborn

litigiousness nor causing unnecessary trouble and expense are necessarily limited to just one party.[6] The same is true of bad faith. There may be instances in which a plaintiff is partly at fault for a defendant's bad faith, and we see no reason why a jury cannot make such a factual determination. And, of course, the same may be true of other defendants and nonparties, although our holding in Division 2 makes clear that expenses of litigation may be reduced based on percentages of fault of other defendants or nonparties only in tort actions brought against multiple defendants. It may be that bad faith may be indivisible either legally or factually in some cases,[7] but we cannot say that bad faith is always indivisible as a matter of law.

---

[6] Although OCGA § 13-6-11 expressly references situations "where the *defendant* has acted" (emphasis supplied), that reference does not categorically bar a plaintiff from being apportioned fault for bad faith, stubborn litigiousness, or causing unnecessary trouble and expense. The defendant's action is simply what authorizes the award, in the same way that a defendant's negligence allows damages in tort.

[7] For instance, a plaintiff may argue that concerted action between defendants and even nonparties as to bad faith, stubborn litigiousness, or unnecessary trouble defeats apportionment as a matter of law. We held in *Loudermilk* that the fault resulting from concerted action is legally indivisible and thus cannot be apportioned; whether alleged concerted action is actually present in a particular case, of course, would present a fact-intensive question for a properly instructed jury. See *Loudermilk*, 305 Ga. at 576 (3).

HMH argues that because the jury found bad faith against only A&B and did not allocate any degree of responsibility for bad faith to HMH, subsection (a) of the apportionment statute cannot apply to the OCGA § 13-6-11 damages awarded because (a) applies only where "the plaintiff is to some degree responsible for the injury or damages claimed." OCGA § 51-12-33 (a). But that argument begs the question because the jury did allocate some responsibility to HMH. The jury did not specifically consider whether HMH shared responsibility for bad faith, but it was not instructed to do so; it was only instructed to apportion fault as to negligence. Merely because the jury did not reach the question does not mean, as the Court of Appeals concluded, that bad faith was indivisible. The Court of Appeals did not consider whether bad faith could be apportioned under the evidence presented at trial, whether the jury was properly instructed as to how to apportion fault for bad faith,[8] whether it

---

[8] The fault arising from bad faith, stubborn litigiousness, and unnecessary trouble will likely usually be different from the fault for the underlying tort injuries. When that is so, juries should calculate the relevant percentages of fault and the damages attributable to the tort and awarded under OCGA § 13-6-11 separately and identify them as such on the verdict

27

apportioned fault properly, and whether the trial court properly applied the jury's findings in reducing HMH's damages with respect to the OCGA § 13-6-11 award. These questions are beyond the scope of our cert grant and possibly beyond the scope of argument that HMH had preserved for appeal before the Court of Appeals. We leave it to the Court of Appeals to resolve these questions — including questions of preservation — on remand, and decide only that an award under OCGA § 13-6-11 is not categorically exempt from apportionment. We thus reverse the decision of the Court of Appeals that apportionment of the expenses of litigation under OCGA § 13-6-11 is unavailable and remand to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur, except Boggs, P. J., not participating, and McMillian and Colvin, J.J., disqualified.*

---

form.